# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RONALD WEAVER,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C18-4068-LTS<br><br>**ORDER** |

Presently before me is a pro se motion styled as a "petition for writ of audita querela or other appropriate relief" (Doc. No. 1) filed by Ronald Weaver.

## I.  BACKGROUND

In a recent order, the Honorable Mark W. Bennett, United States District Judge, summarized Weaver's history:

> On October 25, 2006, in a Second Superseding Indictment, Weaver and codefendants were charged with conspiracy to manufacture and distribute and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and other drug offenses. Following a jury trial, Weaver was convicted of conspiracy to manufacture and distribute and possession with intent to distribute crack cocaine. Judge Donald E. O'Brien sentenced Weaver to 300 months' incarceration. Weaver appealed his conviction and sentence. Weaver's appeal was denied. *See United States v. Weaver*, 554 F.3d 718, 719 (8th Cir. 2009). After his direct appeal was denied, Weaver moved to vacate his sentence under 28 U.S.C. § 2255(a). Judge O'Brien found that Weaver's sentencing counsel was ineffective for failing to move for a new trial before sentencing, and vacated Weaver's conviction and ordered a new trial. The United States appealed. The Eighth Circuit Court of Appeals reversed Judge O'Brien's

order vacating Weaver's conviction and reinstated his conviction and sentence. *See Weaver v. United States*, 793 F.3d 857, 865 (8th Cir. 2015).

C17-4048-MWB, Doc. No. 3 at 1-2. On February 22, 2016, Weaver filed a second motion pursuant to 28 U.S.C. § 2255. C16-4014-MWB, Doc. No. 1. Judge Bennett denied that motion as a second successive petition without receiving leave of the Eighth Circuit Court of Appeals. *Id*. at Doc. No. 2. On May 23, 2016, Weaver, along with other petitioners, filed a third motion pursuant to 28 U.S.C. § 2255 relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). C16-4072-MWB, Doc. No. 1. Judge Bennett also denied that motion as a second successive petition. *Id*. at Doc. No. 6. On August 22, 2017, Weaver filed a fourth motion pursuant to 28 U.S.C. § 2255, relying on *United States v. Madkins*, 866 F.3d 1136, 1143 (10th Cir. 2017). C17-4048-MWB, Doc. No. 1. Judge Bennett again denied that motion as a second successive petition. *Id*. at Doc. No. 3. The Eighth Circuit ultimately denied Weaver's motion to file a second successive habeas petition in that case. *Id.*, at 5.

In his present motion for a writ of audita querela, Weaver raises the same argument related to *United States v. Madkins*, 866 F.3d 1136, 1143 (10th Cir. 2017) that he made in case C17-4048-MWB, specifically that he has been mischaracterized as a career offender under the United States Sentencing Guidelines.

## II.     FILING FEE

Weaver filed his case on August 6, 2018, and did not pay a filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). For the reasons set out below, I find the petition for a writ audita querela must be dismissed because the claim Weaver is attempting to raise must be brought as a 28 U.S.C. § 2255 motion. However, if Weaver's writ of

audita querela was cognizable as a distinct cause of action, he would be required to pay a filing fee.[1]

### III. AUDITA QUERELA STANDARD

As the Eighth Circuit Court of Appeals has explained, "[a] writ of audita querela is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2009) (citing Black's Law Dictionary (8th ed. 2004)). Under the All Writs Act, 28 U.S.C. § 1651(a), ancient writs survive in the modern statutory system, but where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. *United States v. Miller*, 599 F.3d 484, 487-88 (5th Cir. 2010) (explaining that, because *United States v. Morgan,* 346 U.S. 502 (1954) concluded that the writ of coram nobis was still available in criminal cases under the All Writs Act, 28 U.S.C. § 1651(a), "where needed to fill a gap in the federal post-conviction remedial scheme . . . we have, as have several other circuits, acknowledged, with some reservation, that the writ of audita querela might also survive in criminal adjudications, if there is a gap for it to fill."). To the extent that a petition for a writ of audita querela remains available to challenge a criminal conviction or sentence, it "is not available where other cognizable remedies exist." *United States v. Feist*, 346 F. App'x 127 (8th Cir. 2009) (citing *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam)); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996). Put another way, "to the extent that audita querela exists in the criminal

---

[1] Because I am dismissing Weaver's claim as procedurally barred, I need not consider the issue of what filing fee would apply, or if the case should be characterized as a motion in his original criminal case. *See United States of America v. Todd Alan Behrends*, CR08-4067-MWB, Doc. No. 64 (2018) (finding that in that case a purported writ of audita querela should have been filed as a motion in the original criminal case).

3

context, it would only be to plug a gap in the system of federal postconviction remedies—and it is doubtful that such a gap exists. *See United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982)." *United States v. Rodriguez-Mendez*, 2018 WL 1767852, at *2 (D. Neb. 2018) (cleaned up).

## IV. ANALYSIS

Weaver's claim fails because it is improperly brought as a writ of audita querela. In the context of a petitioner who characterized a § 2255 issue as a § 2241 motion, the Eighth Circuit stated:

> A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255. . . . The requirement that a petitioner must first demonstrate that § 2255 is "inadequate or ineffective" comes from § 2255's savings clause . . . such cases, the petitioner has the burden of showing that the remedy under § 2255 would be inadequate or ineffective.

*Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see, e.g., United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (*citing United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (Fed. R. Civ. P. 59(e)) (citing *Patton*, 309 F.3d at 1093); *United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). The Eighth Circuit has held that a

> § 2255 motion is not "inadequate or ineffective" merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire.

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (cleaned up). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion).

In this case, Weaver is attempting challenge his sentence based on an alleged guideline issue, specifically whether he should have been designated a career offender. Weaver makes no legally compelling argument why his claims should be considered pursuant to a writ for audita querela in lieu of § 2255. Rather, it is clear that Weaver is merely seeking relief pursuant to audita querela because his request to file a subsequent § 2255 petition on the same issue has been denied. The Eighth Circuit has made clear that being denied permission to file a subsequent § 2255 motion does not render § 2255 ineffective such that a "gap" is created in the federal post-conviction relief statutory scheme. Accordingly, Weaver's petition for a writ of audita querela (Doc. No. 1) is **denied** and this case is **dismissed** without prejudice.

**IT IS SO ORDERED.**

**DATED** this 16th day of August, 2018.

_____
Leonard T. Strand, Chief Judge